IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY DEON BETHANY, #1221925,   §<br>            Petitioner,   §<br>   §<br>v.   §<br>   §<br>LORIE DAVIS, Director,   §<br>Texas Department of Criminal Justice,   §<br>Correctional Institutions Div.,   §<br>            Respondent.   § | CIVIL CASE NO. 3:18-CV-1403-D-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for pretrial management. For the reasons that follow, it is recommended that this successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

Petitioner was convicted of robbery and the aggravated robbery of an elderly person, and was sentenced to life imprisonment. *See State v. Bethany*, Nos. F-0400122 and F-0400123 (363rd Jud. Dist. Ct., Dallas County, Tex., Feb. 24, 2004), *aff'd*, Nos. 05-04-00361-CR and 05-04-00362-CR, 2005 WL 1385224 (Tex. App. – Dallas, June 13, 2005, pet. ref'd). He unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Bethany v. Thaler*, No. 3:09-CV-288-N-BF, 2011 WL 4552453 (N.D. Tex. Aug. 31, 2011), accepting recommendation, 2011 WL 4552453 (N.D. Tex. Sep. 30, 2011) (denying federal petition on merits).

In this successive federal habeas action, Petitioner again challenges his underlying convictions, raising new grounds for relief. Specifically, Petitioner complains of (1) the

constructive denial of counsel, (2) the legality of his sentence, and (3) the denial of "due course of law." Doc. 3 at 6-7.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Thus, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SIGNED** June 20, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and identify where the disputed determination is found in the magistrate judges report and recommendation. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996),, *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE